AUGUSTUS L. BARRETT *vs.* MALDEN AND MELROSE RAILROAD
COMPANY.

A judge of the superior court is not bound to decide upon the sufficiency of evidence offered
by a plaintiff to support his case, unless the defendant submits the whole case for deter-
mination upon that evidence.

A horse railroad company may be held liable for double the amount of damages sustained
in consequence of the bite of a dog kept by their servants or agents.

If, in an action against a horse railroad company for damages sustained in consequence of
the bite of a dog, there is evidence tending to show that the dog was kept about their
stable by a person employed by them to have charge of the same, and with the knowl-
edge and implied assent of their superintendent, the jury may properly find that the dog
was kept by the company.

TORT against a horse railroad company for double the amount
of damages sustained by the plaintiff in consequence of the bite
of a dog, kept by the defendants.

At the trial in the superior court, the plaintiff, in order to
prove that the dog was kept by the defendants, offered evidence
to show that, at the time of the injury, and while he was enter-
ing the defendants' car as a passenger, the dog was following it
at a short distance behind ; that one Holbrook was acting as
conductor, whose usual employment was at the defendants'
stable in Malden, of which the evidence tended to show that
he had charge, except when the agent or managing director of
the defendants was there ; that the dog " was kept about there "
three or four weeks, and was frequently seen about the stable,
and sometimes followed the cars, and sometimes followed
Holbrook ; that at several times Holbrook went, followed by
the dog, to the superintendent's house, and at one time the dog
went in the car, on its passage to Boston, when the superintend-
ent was in it ; that the dog belonged to a butcher in the vicin-
ity, who had recently sold out his establishment, and left the dog
for the time with Holbrook ; and that the superintendent was
frequently at the stable during the time when the dog was kept
about there.

This was all the evidence introduced by the plaintiff upon
this point ; and, upon his resting his case, the defendants re-

9 *

quested the court to order a nonsuit, or to rule that there was no evidence to warrant a verdict in his favor. *Ames,* J. refused so to rule, and the jury returned a verdict for the plaintiff; and to this refusal the defendants alleged exceptions.

*L. M. Child,* for the defendants.

*J. Q. A. Griffin,* for the plaintiff.

Bigelow, C. J. The court was not bound to express an opinion as to the sufficiency of the plaintiff's evidence to warrant a verdict in his favor, or to instruct the jury to find for the defendants, unless the whole testimony was closed, and the defendants intended to submit the case without offering any evidence in defence. *Bassett* v. *Porter,* 4 Cush. 487. *McGregory* v. *Prescott,* 5 Cush. 66.

But if it were otherwise, the refusal of the court to rule as requested by the defendants was right. The General Statutes, *c.* 88, § 59, render the keeper as well as the owner of a dog liable to any person injured by him. As it would in many cases be difficult to prove that any person had property in the animal, the law holds the person who harbors him responsible for the damage which he may do while in his custody or control. There was evidence at the trial that the dog which inflicted the injury on the plaintiff was kept on the premises of the defendants for several weeks by a person in their employment, who had the charge and superintendence of their stables; and there was also evidence which tended to show that this was done with the knowledge and implied assent of their general agent or superintendent. This was clearly sufficient to warrant the jury in finding that the dog was kept by the defendants. As they could do no act except through their agents, it was competent to infer that, in keeping the dog under the circumstances disclosed by the evidence, their agent was acting in their behalf.

It was urged by the counsel for the defendants that they, being a corporation created for a specific purpose, cannot through their officers and agents be made liable as keepers of a dog to the penalty prescribed by the statutes. But it is impossible for us to determine, as a matter of law, that a corporation

established for the purpose of building and running a railroad by horse power would be going *ultra vires* in either owning or keeping a dog. On the contrary, it would seem to come quite within the scope of the power and authority granted to them to keep dogs to protect their stables and property from incendiaries and thieves. *Exceptions overruled.*